IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | | |
|---|---|---|
| **KEISHLA ROLON RIVERA**, and her husband, **ANDRES ORTIZ MIRANDA** | * * * | **CIVIL NO. 06-2151 (DRD)** |
| Plaintiffs, | * * | ADA and Rehabilitation Act claims for discrimination and reprisals; |
| v. | * * | PR Law 44 and General Tort supplemental causes of action |
| THE PUBLIC BROADCASTING CORPORATION OF PUERTO RICO (WIPR RADIO AND TV) | * * * * | PLAINTIFFS DEMAND TRIAL BY JURY |
| Defendant. | * | |

_____

### PLAINTIFF'S "MOTION FOR RECONSIDERATION", THAT IS, TO ALTER OR AMEND JUDGMENT, PURSUANT TO FRCP 59(e)

TO THE HONORABLE COURT:

COME NOW plaintiffs through undersigned counsel and pursuant to FRCP 59(e) most respectfully request the Court to reconsider its Opinion and Order (Docket 48) and consequently alter or amend its Judgment (Docket 49) dismissing the instant case in its entirety, and in so doing AVER, STATE and PRAY as follows:

**Introduction**

On August 29, 2008 the Court issued an Opinion and Order dismissing, with prejudice, all of plaintiffs claims (Docket 45). Judgment was entered that same day (Docket 46).

Then on September 2, 2008 the Court issued an amended Opinion and Order to correct "minor typographical errors" and to further "incorporate the traditional objective

2

standard as to constructive discharge" in support of the dismissal of plaintiff Keishla Rolón's claim under the ADA (Docket 48). An amended judgment was issued that same day, September 2, 2008 (Docket 49).

### The Court's Amended Opinion and Order

The Court concluded that plaintiff Keishla Rolón's claims of employment discrimination pursuant to the Equal Opportunity for Individuals with Disabilities, American with Disabilities Act (ADA), 42 USC 1201 et seq., were time-barred. The legal analysis originates in the duty to exhaust administrative remedies under the ADA. The applicable statute of limitations is the 300 day period for deferral states such as Puerto Rico, since Rolón filed an administrative complaint for disability discrimination with the Anti-Discrimination Unit of the PR Department of Labor (ADU) on September 12, 2005. Pursuant to this legal framework the Court concluded that the date from which such statute of limitations had to be calculated was the date of "the last discrete alleged discrimination" act, which the Court *concludes* was June 28, 2004, when defendant denied plaintiff's application for a permanent position of employment.

To support the *conclusion* of the "last discrete alleged discrimination act", the Court rejects Rolón's averments that "until the day of resignation plaintiff complained about her working conditions and sought a resolution through reasonable accommodations" (Docket 48, p. 11). Although the Court recognizes that in order to reject Rolón's averments of continuous complains of working conditions and lack of reasonable accommodations until the day of resignation - which by themselves serve

3

both as an allegation of continuous violation for equitable tolling purposes and as a basis of a hostile work environment claim as an ADA violation *per se* and as the basis of the other ADA claim of *constructive discharge* - the task requires an intensive factual analysis, the ultimate *conclusion* hinges on a credibility assessment, improper at this stage of the proceedings.

Moreover, since Rolón's continuous complains of working conditions until the day of resignation - if believed - serve to support (a) an equitable tolling argument, and/or (b) a hostile work environment as an ADA claim, and/or (c) a hostile work environment argument in support of a *constructive discharge* claim, the Court further establishes that an affirmative action by defendant is required, that is, a deliberate inaction by defendant is insufficient to establish violation to the ADA.

### Continuous Violation, Hostile Work Environment and Constructive Discharge

In dismissing all claims, the Court emphasizes that plaintiff "fails to offer ***any*** factual evidence that would compel a ***reasonable fact finder*** to determine the existence of a hostile work environment" (Docket 48, p. 12) **AFTER** the denial of the permanent position[1].  Thus, while citing Marrero v. Goya, 304 F.3d 7 (1st Cir. 2002), which establishes that it is for the *jury* to weigh those factors and decide whether the harassment was of a kind or to a degree that a reasonable person would have felt that it

---

[1] The Court seems to recognize the existence of discrete discriminatory actions after the denial of the permanent position because it addresses such discrete posterior acts but as part of a pattern of a hostile work environment argument that ultimately concludes is not severe or pervasive enough.  This is inherently contradictory.

4

affected the conditions of employment, the Court embarks on the task of distinguishing the facts to finally conclude that Marrero stands for the proposition that plaintiff has the affirmative duty to prove - at this stage of the proceedings- that she suffered ***emotional or physical bantering*** that justifies a "hostile work environment" (Docket 48, ps. 13-14).  Accordingly and despite repeated reference to Rolón's testimony in deposition (Exhibit X) the Court concludes that there is no evidence that "Defendant humiliated, scolded or ridiculed Plaintiff even to a small degree that would lead to a hostile work environment" (Docket 48, p. 14).

The standard thus set by the Court requires that to establish either a continuous violation - for equitable tolling purposes[2] - or a hostile work environment, plaintiff must show an affirmative ACTION by defendant, not necessarily an affirmative or DELIBERATE INACTION.  That is, according to the Court's dismissal argument, the fact that defendant was put in notice of violations, was continuously advised of such violations by plaintiff until day of resignation and defendant chose to do nothing about it, is not sufficient to establish a "continuous violation" argument of equitable tolling nor to support a hostile work environment claim, or a constructive discharge claim.  Thus, the Court utilizes Arrieta Colón v. Wal-Mart, 434 F.3d 75 (1st Cir. 2006) as the defining normative of a hostile work environment leading to a constructive discharge under the

---

[2] In the Opinion and Order the Court concludes that in opposing the motion for summary judgment plaintiff failed to argue continuous violation for equitable tolling purposes and, as such, concludes that such argument is deemed waived and late.  Despite the fact that such argument was mostly impertinent to oppose defendant's dispositive argument, as argued in the motion for summary judgment which focused on other dispositive arguments which were ultimately not considered by the Court for dismissal, plaintiff did include this line of argument (see, Oppo to MSS, at ps. 16-17).

5

ADA, to *conclude* that an AFFIRMATIVE ACTION by defendant is specifically REQUIRED.

Plaintiff most respectfully disagrees. A hostile work environment may exist when the employer, who has knowledge of what is happening, does not take any affirmative action to resolve the discriminatory situation. This is the traditional equitable tolling argument - plaintiff denounces defendant's failure to act, expects defendant's affirmative action, which fails to happen.

A failure to act, a failure to provide a healthy work environment, is as damaging - or more damaging - that a direct attack. A hostile work environment is promoted and fueled by both action and inaction. Naturally, in dealing with liability for inaction a "deliberateness" factor must exist.

In distinguishing Arrieta Colón the Court emphasizes that plaintiff was not subjected to constant mockery and harassment by her fellow co-workers and supervisors due to her condition, nor that supervisors knew about the harassing conduct and rather than stop it *participated* in it. However, in plaintiff's situation her supervisors did have knowledge of the discriminatory working conditions and chose to do nothing for fear of the negative consequences such action would bring upon themselves, regardless of the consequences to plaintiff (see, Exhibit BB, Rosa Julia Parrilla, Chief of Information and Rolón's direct supervisor deposition testimony, referred to in Plaintiff's Oppo to SUMFs 30-34. Parrilla testified that she could not ask for accommodations for Rolón because she was concerned of the consequences to her). This is discrimination

6

by inaction.   This is creating a hostile work environment by failing to act and perpetuating the discriminatory and intolerable working conditions. The legislative purpose of the ADA does not support this conclusion.

### The dismissal hinges on the ultimate - *albeit procedurally inappropriate -* determination of credibility

The Court also emphasizes on several alleged "facts" not in controversy to further support the dismissal.  These, however, are not uncontested facts, some are not even facts but conclusions, and all require credibility determinations that are improper at the summary judgment stage of the proceedings.

To dismiss the constructive discharge claim, the Court tries a balance of the Smith v. Henderson, 376 F.3d 529, 537-538 (6th Cir. 2004) (evidence for the jury to conclude that plaintiff would be compelled to quit her job in order to preserve her health equivalent to defendant turning its back to plaintiff) and Lee Crespo v. Schering-Plough, 354 F.3d 34, 45 (1st Cir. 2003) (standard for constructive discharge in First Circuit) decisions to conclude that (a) defendant's failure to meet plaintiff's accommodation requests did not hamper plaintiff's health to the extent that it would reverberate in a situation so unbearable that would leave plaintiff no other option but to resign (Docket 48, p.18) and, most interestingly, (b) that the Court "does not accept that defendant turned its back on Rolón" (Docket 48, p.19).

Plaintiff most respectfully submits to the Court that the standard for review of constructive discharge in the First Circuit does not require a showing of "turning its back" to plaintiff.   It is a test of reasonableness anchored in an objective review of the

7

totality of the factual circumstances and "subject to some policing at the outer bounds, it is for the jury to weigh those factors and decide whether the harassment was of a kind or to a degree that a reasonable person would have felt that it affected the conditions of her employment". <u>Marrero v. Goya</u>, 304 F3d at 19, quoting, <u>Gorski v. NH Dept of Corrections</u>, 290 F. 3d 466, 474 (1st Cir. 2002)

Furthermore, to reach the conclusion that defendant did not turn its back on Rolón, the Court relies on the following factual conclusions:

(1)  An interpretation of the resignation letter as a voluntary resignation, contrary to plaintiff's explanation as specifically referred to in the Opposition to the Motion for Summary Judgment (Docket 27, ps. 11-12).

(2) Reference to defendant providing handicapped accessible bathroom facilities, which is truly a non-issue for continuing violation-hostile working conditions purposes because the bathrooms were provided by Inserni eight to ten years prior to plaintiff's resignation.

(3) Reference to defendant providing for Angel Nieves, cameramen, to work, when possible, with Rolón so he could also serve as her personal assistant[3],

(4) reference to defendant allegedly allowing plaintiff to bring her own personal assistants to work with her;

---

[3] Notwithstanding the fact that Angel Nieves is a male cameraman and plaintiff is a female reporter.  The kind of assistance plaintiff needed - and received by default from Angel Nieves - is as personal as getting her transferred from the scooter to the toilet and having her underwear removed.

8

(5)  Rebecca Torres' testimony in deposition (Docket 19, Exhibit 7) that plaintiff was allowed to organize her work agenda from her home, contrary to other collaborators who had to work from the news desk,

(6)  Rebecca Torres' testimony that Rolón could use her own vehicle for work, and

(7)  Rebecca Torres' testimony that "sometimes the cameramen would help Rolón" get access to the official vehicles[4].

However, these supposedly "statements of facts" - based upon Rebecca Torres' deposition testimony - were contradicted by plaintiff in her own deposition testimony **and specifically objected to in the Opposing Statement of Material Facts (Docket 27-2) at paragraphs 48-50.**

In assessing the facts that support the summary judgment request, the Court can not make "credibility determinations nor weighing of the evidence" Lyttle v. Household Mfg. Inc., 494 U.S. 545, 554-555, Matsushita Elec. Ind. Co. v. Zenith Radio, 475 U.S. 574, 587.

These factual interpretations serve the Court to justify the conclusion that since there is no hostile work environment as an individual cause of action for discrimination

---

[4] This by itself should be sufficient to establish the intense level of deliberate disregard to plaintiff's rights under the ADA.  Defendant had just acquired new official vehicles for the station during the month of December 2004, not one of which was handicap accessible.  Plaintiff was required to go to the street for interviews and not allowed to do the interviews in the studio.  So, if the cameramen did not transfer plaintiff from her scooter to the official vehicles there was no way plaintiff could do her work.  This kind of accommodation is UNREASONABLE because it is demeaning, condescending and offensive. Is it reasonable to expect to be "handled" by coworkers in order to be able to perform one's work?

nor as the basis for a constructive discharge claim, then the pivot goes back to the "last discrete act of discrimination" to reiterate that the ADU administrative complaint was untimely filed.

### Conclusion

The Court should reconsider its Opinion and Order because it is ultimately based upon a credibility determination that is improper at the summary judgment stage of the proceedings.  "The Court should review the record as a whole, and it must disregard all evidence favorable to the moving party (of the summary judgment motion that the jury is not required to believe".  Reeves v. Sanderson Plumbing, 530 U.S. 133 (2000).

The first *conclusive determination of credibility* refers to Rolón's testimony in deposition (see, paragraphs 40-44 to the Opposing Statement of Material Facts, Docket 27-2) which by itself is sufficient to establish continuous violation for equitable tolling purposes and for hostile work environment, as a *per se* ADA violation and as the basis for a constructive discharge claim.  In order to diminish the importance of Rolón's testimony the Court fails to recognize that a hostile work environment may reasonably result from the deliberate inaction of defendant, and as such, includes an additional element - that plaintiff provide evidence of affirmative action by defendant to purposefully create the hostile work environment.

Then, in dismissing the constructive discharge claim, the Court further enters into the assessment of the incredibility of plaintiff's testimony, including the explanation to her resignation letter, and the acceptance of deposition testimony by defendant's

10

witnesses which was contradicted by plaintiff and specifically objected in opposing the statement of uncontested facts that accompanied the motion for summary judgment.

The Court should alter or amend its Opinion and Order and accordingly reinstate plaintiff Rolón's ADA claims.

**WHEREFORE**, pursuant to FRCP 59(e) plaintiff requests reconsideration of the Opinion and Order.  Furthermore, undersigned requests that the Court take notice of the change of counsel's physical and postal address (from Suite 1017 to Suite 915).

**I HEREBY CERTIFY** that this document has been tendered for filing by electronic means and pursuant to FRCP 5(b)(2)(D) and Puerto Rico Local Rule 5.1(b)(2), receipt of the Notice of Electronic Filing generated by the Court's Electronic Case Filing System constitutes the equivalent of service of the instant motion to all pertinent persons.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico this 16th day of September, 2008.

**LOPEZ TORO**
**Estudio de Derecho & Notaría**
Hato Rey Center, **Suite 915**
268 Ponce de León Ave.
San Juan, Puerto Rico  00918
Tel. 787-296-0280, Fax. 787-296-0282
ESTUDIOLOPEZTORO@aol.com

*s/Bámily López Ortiz*
**Bámily López Ortiz**
USDC-PR 205410