**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| KEISHLA ROLÓN RIVERA, ET AL., | CIVIL NO. 06-2151 (DRD) |
| Plaintiffs | |
| v. | ADA and Rehabilitation Act claims for discrimination and reprisals; PR Law 44 and General Tort supplemental causes of action |
| THE PUBLIC BROADCASTING CORPORATION OF PUERTO RICO (WIPR RADIO AND TV), | |
| Defendant. | JURY TRIAL REQUESTED |

**RESPONSE IN OPPOSITION TO "PLAINTIFF'S 'MOTION FOR RECONSIDERATION', THAT IS, TO ALTER OR AMEND JUDGMENT, PURSUANT TO FRCP 59(e)"**

**TO THE HONORABLE COURT:**

COMES NOW the defendant, the Public Broadcasting Corporation of Puerto Rico (hereinafter "PBCPR"), through the undersigned counsel, and respectfully states and prays as follows:

**I.    Introduction**

On August 29, 2008, this Honorable Court dismissed with prejudice all of Plaintiffs claims. (See, Docket Nos. 45 & 46). On September 2, 2008, the Court issued an amended Order and Opinion to correct "minor typographical errors" and to "incorporate the traditional objective standard as to constructive discharge". (See, Docket No. 48). An amended Judgment was entered accordingly. (See, Docket No. 49).

On September 16, 2008, Plaintiffs filed a motion titled "Plaintiff's 'Motion for Reconsideration', That Is, To Alter or

Amend Judgment, Pursuant to FRCP 59(e)". (<u>See</u>, Docket No. 51).
In sum, Plaintiffs request this Honorable Court to alter or
amend its Amended Opinion and Order in regards to plaintiff
Keishla Rolón Rivera's (hereinafter "Rolón") claims under the
ADA and reinstate them. <u>We oppose Plaintiffs' request for the
reasons set forth below</u>.

## II.  Discussion

### A.  Rolón's assertions and conclusory allegations are not sufficient to establish a continuing violation claim for equitable tolling purposes and/or a hostile environment claim under the ADA

Plaintiff Rolón states in her request to reinstate the ADA
claims that her alleged complains of working conditions until
the day of her resignation serve to support an equitable tolling
argument and/or a hostile work environment under the ADA. We
strongly disagree.

The continuing violation doctrine "is an
equitable exception that allows an employee to seek damages for
otherwise time-barred allegations if they are deemed part of an
ongoing series of discriminatory acts and there is 'some
violation within the statute of limitations period that anchors
the earlier claims.'" <u>O'Rourke v. City of Providence</u>, 235 F.3d
713, 730 (1st Cir. 2001) (quoting <u>Provencher v. CVS Pharmacy</u>, 145
F.3d 5, 14 (1st Cir. 1998)).

However, even in cases where a plaintiff alleges a
violation within the appropriate statute of limitations period,
"the continuing violation claim will fail if the plaintiff was

or should have been aware that he was being unlawfully discriminated against while the earlier acts, now untimely, were taking place." Landrau-Romero v. Banco Popular De Puerto Rico, 212 F.3d 607, 612 (1st Cir. 2000)(citing Provencher, 145 F.3d at 14).

More so, a plaintiff has an obligation to file promptly or lose her claim, as distinguished from a plaintiff "who is unable to appreciate that [she] is being discriminated against until [she] has lived through a series of acts and is thereby able to perceive the overall discriminatory pattern." Provencher, 145 F.3d at 15.

In cases where a continuing violation has been properly alleged, "case law generally allows courts to suspend statuses of limitations for equitable reasons". Meléndez-Arroyo v. Cutler-Hammer, 273 F.3d 30, 37 (1st Cir. 2001). "The burden of demonstrating the appropriateness of equitable tolling lies with the plaintiff." Perazza v. Puerto Rico, 218 F. Supp.2d 176, 179 (D.P.R. 2002).

But, "federal courts should not apply equitable tolling liberally to extend time limitations in discrimination cases." Chico-Vélez v. Roche Products, Inc., 139 F.3d at 58-59 (citing Rys v. United States Postal Serv., 886 F.2d 443, 446 (1st Cir. 1989); Nunnally v. MacCausland, 996 F.2d 1, 4 (1st Cir. 1993) ("federal courts have 'typically extended equitable relief only sparingly.'"). Id. "In a nutshell, equitable tolling is reserved for exceptional cases." Irwin v. Department of Veterans Affairs,

498 U.S. 89 (1990).

The First Circuit law permits equitable tolling only where the employer has actively misled the employee. Thomas v. Eastman Kodak Co., 183 F.3d 38, 53 (1st Cir. 1999)(citing Mack v. Great Atl. & Pac. Tea Co., 871 F.2d 179, 185 (1st Cir. 1989)(noting that the First Circuit's "narrow view" of equitable tolling reaches only "active deception"); Jensen v. Frank, 912 F.2d 517, 521 (1st Cir. 1990).

In the instant case, plaintiff Rolón asserts –for the first time- that an excerpt of her testimony given in her deposition (See, Par. 40-44 of the Plaintiff's Opposing Statement of Material Facts, Docket No. 27-2) is sufficient to establish a continuing violation claim for equitable purposes and a hostile work environment under ADA. Thus, Rolón does not provide in her testimony any specific facts that determine the existence of a hostile work environment.

Furthermore, as this Honorable Court correctly stated in the Amended Opinion and Order (Docket No. 48), Rolón only provided broad assertions and conclusory allegations to sustain the discriminatory practices with the sole purpose to prove a continuing violation, and therefore, justify the equitable tolling argument. Rolón does not even provide additional facts in her motion for reconsideration to sustain her request.

Rolón's assertions fails to state a specific incident or event, with allusions to date, time or place, reference to specific persons, etc., that would compel a reasonable fact

Opposition to "Plaintiff's 'Motion for Reconsideration…    Page 5
Civil No. 06-2151 (DRD)


finder to determine the existence of a hostile work environment
and/or a continuing violation of a previous discriminatory act.[1]

Consequently, Rolón was not able to contest that the last
incident, that could be considered discriminatory for the sole
purpose of argument in the motion for summary judgment, occurred
on June 28, 2004;[2] hence she had until June 2005 to file the

---

[1]  Plaintiff in her motion for reconsideration avers, "…in plaintiff's
situation her supervisors did have knowledge of the discriminatory working
conditions and chose to do nothing for fear of the negative consequences such
action would bring upon themselves…" (See, Docket No. 51, p. 5). That
statement is totally unsupported by the record. The reference to support this
allegation is the following excerpt of Rosa J. Parrilla's deposition:

   "**Q.** …did you at any time feel that you could not go to Rebecca Torres
   to ask for certain accommodations for Keishla because you were
   concerned about her hard working style and its consequences upon you?

   **A.** Yes.

   **Q.** And did that actually happen?, That inhibition.

   **A.** Yes, and not only with Keishla." (See, Docket No. 30-28, p. 2).

This statement, however, is taken out of context and does not establish that
there were "discriminatory working conditions". Moreover, this statement
cannot contradict clear deposition testimony. Parrilla specifically testified
that Rolón never requested her special treatment due to her disability:

   "**Q.** Now my question is, did at any time Keishla requested from you some
   kind of special treatment due to her obvious physical disability?

   **A.** No. And that is one of the elements that causes me to admire her the
   way I do, because while we worked together she never requested special
   treatment and I respected and admired her – that from her and I also
   treated her on equal terms. Obviously I know that she has a condition,
   that I admired or I recognized in her a drive that many people who are
   completely healthy do not have." (See, Docket No. 36-2 ¶ 30).

It also does not state a specific act, time and place that could be used to
establish a continuing violation claim.

[2]  However, it is important to clarify that PBCPR denied Rolón's application
for the permanent position of drafter/translator because she did not comply
with the academic requirements of the position. (See, Docket No. 19, Part II,
Section C, p. 12). Rolón even admitted this fact. (See, Docket No. 36-2 ¶
38).

discrimination charge with the EEOC. She did not. Consequently, her ADA claims are time-barred.[3]

### B. Rolón did not establish a continuing violation and/or hostile environment that resulted in a constructive discharge

As stated by the First Circuit, "to prove constructive discharge a plaintiff must show that his working conditions were so difficult or unpleasant that a reasonable person in his shoes would have felt compelled to resign." Torrech-Hernández v. General Elec. Co., 519 F.3d 41 (1st Cir. 2008) (In order for a resignation to constitute a constructive discharge, it effectively must be void of choice or free will).

This standard cannot be triggered solely by an employee's subjective beliefs, no matter how sincerely held. Suarez v. Pueblo Intern., Inc., 229 F.3d 49, 53 (1st Cir. 2000); Calhoun v. Acme Cleveland Corp., 798 F.2d 559, 561 (1st Cir. 1986). The ultimate test is one of objective reasonableness. Suarez, 229 F.3d at 53; Serrano-Cruz v. DFI P.R., Inc., 109 F.3d 23, 26 (1st Cir. 1997).

Thus, the constructive discharge standard, properly applied, does not guarantee a workplace free from the usual ebb and flow of power relations and inter-office politics. Calhoun, 798 F.2d at 561; De La Vega, 377 F.3d at 117.

---

[3] Even if this Honorable Court determines that the ADA claims are not time-barred, PBCPR reiterates its position that it is entitled to the Eleventh Amendment sovereign immunity, which bars Rolón's ADA claims. (See, Docket No. 19, Part II, Section B). Thus, Rolón's ADA claims were correctly dismissed with prejudice and should not be reinstated.

As stated previously, Rolón fails to establish a continuing violation and/or hostile work environment claim that could have resulted in a constructive discharge. On the contrary, several of the uncontested facts establish that Rolón in fact resigned from her job for a better employment opportunity and was thankful for the experiences and opportunities offered by PBCPR.

First, Rolón voluntary cancelled her service contract. (See, Docket No. 36-2 ¶ 67). Also, at the time of presenting her letter of termination, Rolón already had an employment offer to work as a teacher for the Puerto Rico Senate. (See, Docket No. 36-2 ¶¶ 68-69). Finally, Rolón sent a letter to PBCPR notifying her intentions to cancel her contractual relationship with PBCPR. In said letter, Rolón stated her reasons for terminating her contract using prose and tone that described her amicable and thankful animus at the time towards PBCPR. (See, Docket No. 36-2 ¶ 66).

In addition, it is uncontested all the accommodations that PBCPR provided to Rolón per her request: (1) PBCPR fixed the bathroom of the station; (2) PBCPR assigned Rolón an assistant producer whenever she had to go on locations; (3) PBCPR scheduled a specific day of the week for Rolón to go on locations; (4) PBCPR assigned Angel Nieves as Rolón's camera operator; (5) PBCPR assigned an assistant producer to assist Rolón with the production of a tourism special; (6) PBCPR allowed Rolón to work from her home; and (7) PBCPR allowed Rolón to bring assistants with her to work. (See, Docket No. 36-2 ¶¶

23, 24, 25, 26, 35, 50 and 51).[4]

Consequently, the previously mentioned undisputed facts show that Rolón was not constructively discharged. No record evidence supports Rolón's claim that PBCPR propitiated illegal work conditions, including discrimination motivated by her physical disability that made her work intolerable or forced her to leave. Moreover, there is no record evidence that supports Rolón's claim that she was not treated equal as other collaborators of PBCPR.

In other words, Rolón has failed to show that her working conditions were so difficult or unpleasant that a reasonable person would be forced to resign. Moreover, it is undisputed –by the tone and contents of Rolón's resignation letter- that she was resigning for better job opportunities and not because of an intolerable hostile work environment.

### III. Conclusion

"In cases where the non-movant party bears the ultimate burden of proof, he must present definite and competent evidence to rebut a motion for summary judgment", Anderson v. Liberty Lobby, Inc., 477 U.S. at 256-257, 106 S.Ct. 2505; Navarro v. Pfizer Corp., 261 F.3d 90, 94 (1st Cir. 2000); Grant's Dairy v. Comm'r of Maine Dep't of Agric., 232 F.3d 8, 14 (1st Cir. 2000), and cannot rely upon "conclusory allegations, improbable inferences, and unsupported speculation". López-Carrasquillo v.

---

[4] It is curious that Plaintiffs now try to question that Nieves assisted Rolón when precisely that was the main reason for her request. (Please refer to Docket No. 36-2 ¶ 26).

Rubianes, 230 F.3d 409, 412 (1st Cir. 2000); Maldonado-Denis v. Castillo-Rodriguez, 23 F.3d 576, 581 (1st Cir. 1994); Medina-Muñoz v. R.J. Reynolds Tobacco Co., 896 F.2d 5, 8 (1st Cir. 1990).

Furthermore, the motion for reconsideration is "an extraordinary remedy which should be used sparingly." Palmer v. Champion, 465 F.3d 24, 30 (1st Cir. 2006). Typically, the court denies a motion for reconsider. Id. The court grants a motion for reconsideration only if the movant demonstrates the availability of newly discovered evidence, to correct a manifest error of law or fact, or due to an intervening change in the law. See, Marks 3-Zet-Ernst Marks GMBH & Co. KG v. Presstek, Inc., 455 F.3d 7, 15 (1st Cir. 2006). A party must not use a motion for reconsideration to advance arguments that could or should have been presented earlier, to re-litigate matters the court has already decided, or simply to refute the court's prior ruling. See, Nat'l Metal Finishing Co. v. BarclaysAmerican/Commercial, Inc., 899 F.2d 119, 123 (1st Cir. 1990); Sánchez Rodríguez v. Departamento de Corrección y Rehabilitación, 537 F.Supp.2d 295, 297 (D.P.R. 2008).

As stated by this Honorable Court on the Amended Order and Opinion, in the instant case Rolón did not sustain a hostile work environment that resulted in a constructive discharge. Also, Rolón failed to properly allege and establish a continuing violation that equitably tolled the limitations period for her ADA claims. Therefore, Rolón's ADA claims are time-barred, thus

properly dismissed. Accordingly, Rolón has not demonstrated its entitlement to the "extraordinary remedy" of reconsideration. Palmer, 465 F.3d at 30.

WHEREFORE, it is respectfully requested that this Honorable Court deny "Plaintiff's 'Motion for Reconsideration', That Is, To Alter or Amend Judgment, Pursuant to FRCP 59(e)".

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, this 26th day of September 2008.

WE HEREBY CERTIFY that on this date, we electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send a notification of such filing to Plaintiff's counsel.

**O'NEILL & BORGES**
American International Plaza
250 Muñoz Rivera Ave., Ste. 800
San Juan, Puerto Rico 00918-1813
Tel (787) 764-8181
Fax (787) 753-8944

By: s/Carlos George
**CARLOS GEORGE**
USDC-PR No. 21321
carlos.george@oneillborges.com

s/Enrique González Quiñones
**ENRIQUE GONZALEZ QUIÑONES**
USDC-PR No. 225208
enrique.gonzalez@oneillborges.com