**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| KEISHLA ROLÓN RIVERA, ET AL., Plaintiffs<br><br>v.<br><br>THE PUBLIC BROADCASTING CORPORATION OF PUERTO RICO (WIPR RADIO AND TV) Defendant. | CIVIL NO. 06-2151 (DRD) |

**OPINION AND ORDER**

Pending before this court is Plaintiff's *Motion for Reconsideration that is, to Alter or Amend Judgment Pursuant to FRCP 59(e)*(Docket No. 51) and Defendant's *Response in Opposition to "Plaintiff's Motion for Reconsideration"* (Docket No. 52). Plaintiff requests the Court to alter or amend its *Amended Opinion and Order* (Docket No. 48), by reinstating Plaintiff's ADA claims.[1]

After carefully reviewing the pending motions the Court finds that Plaintiff's *Motion for Reconsideration that is, to Alter or Amend Judgment Pursuant to FRCP 59(e)*(Docket No. 51) is to be **DENIED**. The Court briefly explains.

### I. Standard of Review

Motions for reconsideration are generally considered either under Rules 59 or 60 of the Fed.R.Civ.P., depending on the time

---

[1] Plaintiff does not request reconsideration as to the dismissal of her Rehabilitation Act claim, nor as to any of her supplemental state claims, which the Court found as being time-barred.

such motion is served. See Perez-Perez v. Popular Leasing Rental, Inc., 993 F.3d 281, 284 (1st Cir. 1993). It is settled that "[a] motion for reconsideration 'does not provide a vehicle for a party to undo its own procedural failures and it certainly does not allow a party to introduce new evidence or advance new arguments that could or should have been presented to the district court prior to judgment.'" Marks 2-Zet-Ernst Marks GMBH & Co. KG v. Presstek, Inc., 455 F.3d 7, 15-16 (1st Cir. 2006) (*emphasis ours*). Thus, a motion for reconsideration cannot be used as a vehicle to re-litigate matters already litigated and decided by the Court. See Standard Quimica de Venezuela v. Central Hispano International, Inc., 189 F.R.D. 202, FN. 4 (D.P.R. 1999). These motions are entertained by courts if they seek to correct manifest errors of law, present newly discovered evidence, or when there is an intervening change in law. See Prescott v. Higgins, 538 F. 3d 32, 45 (1st Cir. 2008); see also Rivera Surillo & Co. v. Falconer Glass Indus., Inc., 37 F.3d 25, 29 (1st Cir. 1994) (citing F.D.I.C. Ins. Co. v. World University, Inc., 978 F.2d 10, 16 (1st Cir. 1992). A motion for reconsideration is unavailable if it simply brings a point of disagreement between the court and the litigant, or to reargue matters already properly disposed of by the Court. See Waye v. First Citizen's National Bank, 846 F.Supp. 310, 314 n.3 (M.D.Pa. 1994). Rule 59(e) motions cannot be used to repeat old arguments

2

previously considered and rejected, and are extraordinary measures which should be used sparingly. Trabal Hernandez v. Sealand Services Inc., 230 F. Supp. 2d 258, 259 (D.P.R. 2002).

## II. Analysis

Reviewing the record the Court concludes that Plaintiff's arguments fail to persuade the Court to alter or amend its judgment. Hence, after considering Plaintiff's motion the Court has reached the same determinations as in its Amended Opinion and Order (Docket No. 48). As aforementioned a motion for reconsideration is unavailable if it simply brings a point of disagreement between the court and the litigant, or to reargue matters already properly disposed of by the Court. See Waye, 846 F.Supp. at 314 n.3. "'The repetition of previous arguments is not sufficient to prevail on a Rule 59(e) motion.'" Prescott, 538 F. 3d at 45 (quoting United States v. $23,000 in U.S. Currency, 356 F.3d 157, 165 n. 9 (1st Cir.2004). Thus, a motion for reconsideration cannot be used as a vehicle to re-litigate matters already litigated and decided by the Court. Furthermore, the Court finds that Plaintiff has failed to show that there has been a manifest error of law, that there is newly discovered evidence, or that there is an intervening change in law. See Prescott, 538 F.3d at 45; see also Rivera Surillo & Co., 37 F.3d at 29. Recapitulating, Plaintiff has cogently and intelligently restated its arguments previously made to persuade the Court that

3

its claims are not time barred. Nevertheless, the scope of a reconsideration under Rule 59(e) of the Federal Rules of Civil Procedure requires a higher threshold.

Furthermore, *arguendo* the Court deems necessary to note that pursuant to this District Court's jurisprudence, holding that WIPR, being an arm of the state, has Eleventh Amendment immunity, see e.g. Pastrana-Torres v. Carrion, 2007 U.S. Dist. LEXIS 92041 (D.P.R. 2007)[2], all of Plaintiff's **monetary** claims against WIPR,

---

[2]

> In the present case, WIPR operates with a significant degree of autonomy from the Puerto Rico government, and is empowered to sue and be sued, to enter into contracts, to acquire and maintain property, and to raise revenues. 27 L.P.R.A. §§ 501-04. However, several factors point towards control by the Commonwealth of Puerto Rico: WIPR is bound by Puerto Rico's Administrative Procedures Act; is governed by a Board of Directors made up of government officials and political appointees; and must submit reports to the Governor and the legislature. 27 L.P.R.A. §§ 503-05. Therefore, it is not clear that the Commonwealth of Puerto Rico has structured WIPR to share in its immunity. Pastrana-Torres, 460 F.3d at 127.
>
> Because the first step is inconclusive, we must consider whether the Commonwealth would be liable for a judgment against WIPR. Although the Puerto Rico legislature has never committed to providing all of WIPR's budget or covering unforeseen expenses, 27 L.P.R.A. § 501, the Commonwealth may have de-facto assumed this responsibility by substantially funding WIPR. See Pastrana-Torres, 460 F.3d at 128. Indeed, Defendant has produced an affidavit from the Director of the Legal Division of WIPR indicating that approximately ninety-four percent of WIPR's annual budget comes from Government assignments. Docket Document No. 34-5. This evidence demonstrates that state funds would be the likely source of any judgment against WIPR. See 17A J.W. Moore et. al., Moore's Federal Practice - Civil § 123.23 (Matthew Bender 3d ed.) ("If the state substantially funds the entity, those funds would be a probable source of any judgment against the entity."); cf. Fresenius, 322 F.3d at 75 (finding no immunity where entity received "significant but diminishing state funding" amounting to only twenty-six percent of its revenue).

4

the only Defendant in the instant case, would be barred.  Hence, Plaintiff's case would be limited to the equitable remedy of reinstatement.

### III. Conclusion

Consequently, the Court hereby **DENIES** Plaintiff's *Motion for Reconsideration that is, to Alter or Amend Judgment Pursuant to FRCP 59(e)*(Docket No. 51), for the same reasons previously stated in the Court's *Amended Opinion and Order* (Docket No. 48).

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 23rd day of September 2008.

    S/ DANIEL R. DOMINGUEZ
      DANIEL R. DOMINGUEZ
      U.S. District Judge

---

> Consequently, we find that Eleventh Amendment immunity bars Plaintiffs' suit against WIPR . . .

Pastrana-Torres v. Carrion, 2007 U.S. Dist. LEXIS 92041 (D.P.R. 2007).

5